UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN SCOTT BJORNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>        Defendant. | CASE NO.3:23-cv-05128-BHS<br><br>ORDER |

This matter comes before the Court on Defendant Equifax Information Services LLC's Motion to Dismiss Plaintiff Kevin Scott Bjornson's Complaint for failure to state a claim, Dkt. 11. Equifax argues that both of Bjornson's claims against it, defamation and violation of the Fair Credit Reporting Act ("FCRA"), were filed past the applicable limitations periods. The Court agrees with Equifax and therefore grants Equifax's motion and dismisses Bjornson's complaint with prejudice.

## I. BACKGROUND

Bjornson sued Equifax in February 2023 alleging defamation and violations of the FCRA. Dkt. 1. Bjornson alleges Equifax defamed him in an answer, filed October 20,

2020, in a previous lawsuit he filed against Equifax, *Bjornson v. Equifax*, 20-cv-5449 RJB (W.D. Wash.). *See generally* Dkt. 1. He further alleges that Equifax violated the FCRA, which appears to be the same claim he asserted in his previous suit. *Id.*

Equifax argues that both of Bjornson's claims are subject to a two-year limitations period and are therefore time-barred. Dkt. 11 at 3 (citing RCW 4.16.100(1)); Dkt. 11 at 5 (citing 15 U.S.C. § 1681p). Bjornson argues that his claims did not accrue until his friend, Scott Semans, reviewed Bjornson's previous case against Equifax when considering whether to help him finance the purchase of a home. *See generally* Dkt. 13; *see also* Dkt. 1 at 38.

Bjornson also moves the Court to strike Equifax's counsel's Notice of Appearance and disqualify its counsel, to strike Equifax's Motion to Dismiss, and to sanction Equifax and its counsel. Dkt. 13. Bjornson additionally moves the Court to strike Equifax's reply, Dkt. 14, as untimely. Dkt. 17-1.

Each motion is addressed below.

## II. DISCUSSION

**A.  Equifax's Motion to Dismiss is Granted.**

Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Equifax argues that Bjornson's defamation claim accrued on October 20, 2020, when it filed its Answer in the previous lawsuit, and is therefore barred by the two-year limitations period enumerated in RCW 4.16.100(1). Dkt. 11 at 3–4. Bjornson does not dispute the applicability of RCW 4.16.100(1), but he argues that Equifax's answer was not "published" in 2020 because it was not on "public display" and was not accessed by anyone until July 2022. Dkt. 13 at 8–16. He argues the availability of the document through PACER does not qualify as publication because a member of the public would have to apply for and pay to access the document and that no one did so until July 2022. *Id.*

In Washington, courts apply the "single publication rule" for defamation claims. *Momah v. Bharti*, 144 Wn. App. 731, 752 (2008). Under that rule, "any one edition of a book or newspaper, or any one radio or television broadcast, is a single publication." *Id.* (internal quotation omitted). The rule applies to publication on websites. *Habib v. Matson Navigation Co., Inc.*, 4 Wn. App. 2d 1019, 2018 WL 3026090, at *4 (2018) (unreported case). "Statements are generally considered to be 'published' for purposes of the rule when they are first made available to the public." *Id.* A "separate and distinct communication" can give rise to a new cause of action, "but it is irrelevant whether the same person or a new person received the communication." *Id.*

The question is therefore whether Equifax's filing of the complaint on PACER can be considered "publication." Bjornson argues that posting a document to PACER cannot qualify as "publication" because an individual must request access and pay a fee to view the document. Dkt. 13 at 10. Equifax argues that "[a] court filing is a public document, available to all, and, therefore, 'is a form of aggregate communication in that it is intended for a broad, public audience.'" Dkt. 11 at 4 (quoting *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1131 (9th Cir. 2006)) (internal quotation omitted).

Regardless of whether payment was required to access Equifax's answer, the answer was "published" when Equifax filed it. Court documents are public. *See, e.g.*, *O'Brien v. Tribune Pub. Co.*, 7 Wn. App. 107, 117 (1972) ("[T]he filing of a pleading is a public and official act in the course of judicial proceedings."); *Falls v. Vernal*, 2021 WL 5264252, at *2 (C.D. Cal. May 6, 2021) ("The Court's files are publicly available for copying through the Clerk's office or for printing through the electronic docketing

service CM/ECF and PACER, both of which are available on the internet and can be found on the Court's website[.]").

Any allegedly defamatory statements Equifax made in its answer were published on October 20, 2020, and Bjornson's defamation claim accrued on that date. It does not matter that the relevant individual did not access the document until 2022, only when the actual publication occurred. The limitations period therefore expired in October 2022, four months before Bjornson filed this lawsuit. His defamation claim is time-barred, Equifax's motion to dismiss that claim is GRANTED, and Bjornson's defamation claim is DISMISSED with prejudice.

Equifax argues that Bjornson's FCRA claim is also time-barred because it is based on alleged violation of the FCRA that occurred prior to him filing his complaint in the 2020 case. Dkt. 11 at 5. Bjornson argues that his FCRA claim did not accrue until 2022 because (1) he did not have a copy of the relevant report in 2020, and (2) "[t]he alleged report had not been published to a third party as defined by FCRA 1681p(1)." Dkt. 13 at 16. He argues the publishing requirement was not satisfied until 2022 when Semans accessed the report. *Id.*

An FCRA claim may be brought by the earlier of: "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Equifax argues that Bjornson knew about the alleged violation at the time he filed his complaint in the 2020 case, evidenced by the fact that he cites to his own complaint for support of that claim in this case. Dkt. 11 at 5.

ORDER - 5

1  The Court again agrees with Equifax that Bjornson's FCRA claim is time-barred.

2 Regardless of when Semans accessed the credit report, Bjornson knew about the report

3 and the allegedly false information at the time he filed his complaint in the prior action in

4 2020. *See* Dkt. 1 at 46 (citing his 2020 complaint in support of his claim that Equifax

5 admitted to reporting false and inaccurate information on his consumer credit report).

6  Equifax's motion to dismiss Bjornson's FCRA claim is GRANTED, and that

7 claim is DISMISSED with prejudice.

8  On a 12(b)(6) motion, "a district court should grant leave to amend even if no

9 request to amend the pleading was made, unless it determines that the pleading could not

10 possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal.*

11 *Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in

12 dispute, and the sole issue is whether there is liability as a matter of substantive law, the

13 court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

14  Because Bjornson's claims are time-barred, his pleadings could not be cured by

15 the allegation of other facts. Therefore, the Court will not grant him leave to amend.

16 **B.** **Bjornson's Motions are Denied.**

17  Bjornson's motions are without merit, aside from his motion to strike Equifax's

18 reply. Equifax's reply was, in fact, late without explanation. Nevertheless, the reply

19 advances no argument, and the Court did not consider it in any of its rulings. Bjornson's

20 motion to strike Equifax's reply, Dkt. 17-1, is therefore DENIED as moot.

Bjornson's motion to strike Equifax's motion to dismiss is also **DENIED**. He provides no reason why Equifax's motion was improper. The motion was proper, timely, and meritorious.

Bjornson's motions to strike Equifax's counsel's Notice of Appearance, to disqualify Equifax's counsel, and to sanction both Equifax and its counsel are all **DENIED**. Bjornson's allegations against Equifax's counsel are largely unclear, although he appears to assert that the representation amounts to a conflict of interest because the same counsel represented Equifax in the parties' previous litigation. This clearly does not amount to a conflict of interest.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Equifax Information Services LLC's Motion to Dismiss, Dkt. 11, is **GRANTED**. Plaintiff Kevin Scott Bjornson's Motion to Strike Equifax's Reply, Dkt. 17-1, is **DENIED as moot**. Bjornson's Motion to Strike Equifax's Motion to Dismiss, his Motion to Strike Equifax's counsel's Notice of Appearance, his Motion for Sanctions, and his Motion to Disqualify Equifax's Counsel are all **DENIED**. Bjornson's Complaint is **DISMISSED with prejudice**.

The Clerk shall enter a JUDGMENT and close the case.

Dated this 25th day of May, 2023.

BENJAMIN H. SETTLE
United States District Judge